In the United States District Court
Southern District of Texas
McAllen, Texas

| | | |
|---|---|---|
| Genoveva Salinas, Maria Perez, Dolores Puente, and Maria Brodson, §§§§ | | |
| Plaintiffs, | § | |
| vs. | § | Civil Action No. _____ |
| Michael J. Mitchell, Celadon Trucking Services, Inc., and Hocheim Prairie Casualty, §§§§ | | |
| Defendants. | § | |

## Notice of Removal

To the Honorable Judge of the United States District Court for the Southern District of Texas, McAllen Division:

Now Come Celadon Trucking Services, Inc. and Michael J. Mitchell, defendants in the above styled and numbered Civil Action, and file their notice of removal by and through the undersigned counsel and would respectfully show unto the Court the following, to-wit:

Notice of Removal

1. Defendants, Celadon Trucking Services, Inc. and Michael J. Mitchell, hereby give notice of removal of the above entitled action from the 275th District Court of Hidalgo County, Texas to the United States District Court, Southern District of Texas, McAllen Division.

C:\Users\bgarcia.PWBM\Documents\Celadon\Genovea Salinas\Removal Notice.docx

Statement of Facts

2.      This litigation arises out of June 2, 2011 tractor-trailer collision occurring in Pharr, Hidalgo County, Texas. A Celadon tractor-trailer, driven by Michael J. Mitchell, rear-ended a Ford F-150 pickup truck being driven by Genoveva Salinas and in which Maria Perez, Dolores Puente, and Maria Brodson were passengers. Hochheim Prairie Casualty had sold an uninsured/underinsured insurance policy to Genoveva Salinas that was in effect at the time of her accident with Celadon.

3.      Plaintiffs originally filed suit in the 275th District Court of Hidalgo County against Celadon and Mitchell on August 31, 2011. Plaintiffs are Texas citizens; Celadon is a Delaware corporation with its principal place of business in Indiana and Mitchell is a citizen of New York. Citation was issued, but never served. In January, 2012, plaintiffs requested the issuance of citation, which was never picked up for service and then placed in the district clerk's file. Plaintiffs' original petition was never served.

4.      On September 28, 2012—approximately 13 months after the filing of their original petition—plaintiffs filed a 1st amended petition. Plaintiffs 1st amended petition continued to assert unliquidated damages, but added Hochheim, a Texas corporation, as a defendant. This time, citation was issued and the 1st amended petition was served on all three defendants in October, 2012. By adding a Texas defendant, plaintiffs' 1st amended petition blocked the removal of this litigation. The 1st amended petition superseded the original petition for all purposes.[1]

5.      Celadon and Mitchell filed a special exception to plaintiffs' 1st amended petition to force the pleading liquidated damages. Celadon also served disclosures establishing that it

---

[1] Tex. R. Civ. P. 65.
C:\Users\bgarcia.PWBM\Documents\Celadon\Genovea Salinas\Removal Notice.docx

was self-insured for damages up to $1.5 million in order to prove that it was not uninsured or underinsured.

6.     On May 7, 2012, plaintiffs filed a nonsuit against Hochheim. On May 8, 2012, Plaintiffs filed a 2nd amended petition claiming at most $250,000.00 each in damages, for a total maximum damage amount of $1,000,000.00 for all plaintiffs. By dropping the sole Texas defendant and claiming damages in excess of $75,000.00, plaintiffs' 2nd amended petition was the first document that was served on Celadon and Mitchell that rendered this litigation removable to federal court.

7.     Celadon and Mitchell's notice of removal is being filed within 30 days of plaintiffs' non-suit of the non diverse defendant and subsequent pleading of damages in excess of $75,000.00. This notice of removal is being filed in federal court approximately 21 months after the filing of plaintiffs' unserved and superseded original petition in state court, but only 8 months after Celadon and Mitchell were first served with process.

8.     According to the 2nd amended petition, Plaintiffs are citizen of Texas. Defendant Celadon is a citizen of Delaware, where it was incorporated, and a citizen of Indiana, where has its principal place of business. 28 U.S.C.A. § 1332(c)(1). Defendant Michael Mitchell is presently and was at the time of the subject accident a citizen of the state of New York. There is now complete diversity between the parties.

Timely Removal

9.     Section 1446 requires a diversity-based removal to be filed within 1 year of the commencement of the action, absent bad faith. 28 U.S.C.A. § 1446(c)(1)(2011). Similar to its

federal counterpart,[2] Texas Rule of Civil Procedure 22 states that "a civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." TEX. R. CIV. P. 22. In holding that the 30 day filing deadline for a removal petition starts after commencement or filing of suit but before service, the Fifth Circuit cited Texas Rule 22. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). Under federal law, the term "commencement" in Section 1446 has been defined as the file-stamp date of a Texas petition. *Robinson v. General Motors Corp.*, 601 F. Supp. 833, 836-38 (N.D. Tex. 2008). *Robinson* also concluded that there was no conflict in using 2 different dates for statute of limitations (filing & service) and removal deadline (filing only) purposes. "[t]here is no conflict with using Rule 5's definition of commencement to determine the claim's limitations deadline (a matter of state substantive law) and § 1446(b)'s definition of commencement to determine the removal deadline (a matter of procedural law)." *Robinson*, 601 F.Supp. at 838.

10. Despite the language of Rule 22, the Texas Supreme Court in limitations and abatement cases has required filing and service in order to commence litigation:

> [A]ccording to Rule 22 of the Texas Rules of Civil Procedure, one "commences" a civil action by filing his petition with the appropriate court clerk. Though unmentioned in that rule, one other prerequisite to "commencing" a suit exists. It involves diligence. According to the Texas Supreme Court, the plaintiff must not only file his petition but also exercise reasonable diligence in perfecting service. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970); *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628, 631 (1958). This is so because the administration of justice abhors undue delay. Indeed delay hampers the rectification of wrong and the vindication of right. *Southern Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975). Thus, to avoid this distasteful consequence and prevent the manipulation of justice, law demands diligence.

---

[2] FED. R. CIV. P. 3.
C:\Users\bgarcia.PWBM\Documents\Celadon\Genovea Salinas\Removal Notice.docx

*One 1991 Chevrolet Blazer VIN# 1GNDT13Z4M2302305 v. State*, 905 S.W.2d 443, 444 (Tex. App.—Amarillo 1995, no pet.).

11.     The Texas limitations savings clause also requires commencement of a 2nd suit within 60 days of dismissal of the 1st suit for lack of jurisdiction in order to toll limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (Vernon 1985). The Fifth Circuit recognized that commencement in that state law context required filing and due diligence in service. *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 647 n.13 (5th Cir. 1981). One federal district court in the Southern District of Texas,³ however, disagreed with the "filing + service" construction of Texas Rule 22 when addressing the timeliness of a 16 month-old removal, opting instead for the application of the equitable exception in *Tedford v. Warner-Lambert, Co.*, 327 F.3d 423, 426 (5th Cir. 2003).

12.     If the underlying state action was commenced by the filing of plaintiffs' original petition on August 31, 2011 that was superseded and never served, then this removal petition is 9 months late of the diverstiy deadline. But if the underlying state action was commenced by filing and due diligence in service of plaintiffs' 1st amended petition in September and October, 2012, then this removal is timely. If commencement begins at filing, then plaintiffs' tactic—filing suit, waiting 13 months, amending their pleadings with a non-diverse defendant, and then serving their amended pleadings—has deprived Celadon and Mitchell of their removal rights.

Statutory Bad Faith

13.     Section 1446(c)(1) now allows a diversity-based removal petition to be filed in federal court more than 1 year after commencement in state court if a plaintiff has acted in bad

---

³ *Daniel Mineral Development, Inc. v. Petroleum Development Co.*, No. H-07-1558, 2007WL2315218 *2-3 (S.D. Tex. Aug. 10, 2007).
C:\Users\bgarcia.PWBM\Documents\Celadon\Genovea Salinas\Removal Notice.docx

faith to prevent removal. 28 U.S.C.A. § 1446 (2011). The bad faith exception applies to actions commenced 30 days after the enactment of the amendment (effective date January 6, 2012). Federal Courts Jurisdiction and Venue Clarification Act, Pub.L. No. 112-63, 125 Stat. 758 § 105(a) (2011). Commencement for diversity-based removals is determined according to state law. *Id.* § 105(b).

14. If this Court defers to Texas substantive law, then commencement is defined by filing and service of process. If commencement of the underlying state litigation occurred in October 2012 under state law, then the federal bad faith exception applies to this removal petition if deemed untimely under federal law. The destruction of removal rights is the only explanation for a 13 month delay between: (1) the filing of an initially removable petition without service and (2) the amending of pleadings to add a non-diverse defendant and only then pursuing service.

*Tedford* Equitable Exception

15. If this Court decides that under federal and Texas law the underlying litigation was commenced by the filing of the never-served plaintiffs' original petition in state court, then Celadon and Mitchell assert that the equitable tolling of the 1 year limitation as created by *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003). By initiating suit with a filing (original petition) that would never be served, waiting 13 months and amending to add a diversity-destroying defendant and only then serving the amended pleadings, plaintiffs have exhibited the type of forum manipulation that *Tedford* is designed to prevent. Celadon and Mitchell have been diligent in seeking removal and were prevented from pursing removal within 1 year of the filing of plaintiffs' original petition.

Removal Pursuant to 28 U.S.C.A. §§ 1332, 1441, 1446

16.     Pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §1441, this Case is removable due to complete diversity between plaintiffs, Texas citizens, and a defendant that is a Delaware corporation with its principal place of business in Indiana and a defendant who is a citizen of the state of New York.

17.     This Notice of Removal is being filed within thirty days of the receipt of Plaintiff's non-suit and 2nd amended petition. 28 U.S.C.A. § 1446(b)(1996).

18.     Written notice of the filing of this notice of removal is being served this date on Plaintiffs' counsel of record. A true and correct copy of this notice of removal is being filed this date with the Hidalgo County District Clerk.

19.     Celadon and Michael Mitchell desire to remove this Action to federal court as provided by law.

20.     Certified copies of the docket sheet, citation, return, original, 1st amended and 2nd amended petition, answers, motions, orders, together with all of the papers and pleadings filed with the Hidalgo County District Clerk and/or served on Defendants Celadon and Mitchell, are attached to this Notice. 28 U.S.C.A. § 1449. All executed process, pleadings, orders, docket sheet, and all other filings in the state court action are also attached as required by 28 U.S.C.A. § 1446(a). An index of the matters being filed and a list of all counsel of record are also attached. *Local Rules Texas* (S.D.), Rule 81 (2009).

21.     Venue is proper in this Court under 28 U.S.C.A. § 1441(a) because this District and Division embrace the place in which the removed action was previously pending.

22.     Wherefore, Celadon and Mitchell pray that the above entitled action be removed from the 275th District Court of Hidalgo County to this Court.

Dated this 6th day of June, 2013.

Respectfully submitted,

By:     s/_____
        Baldemar Garcia, Jr.
        Attorney-in-charge for Celadon Trucking
        Services, Inc. and Michael J. Mitchell
        Texas Bar No. 00790740
        Southern Dist. of Texas No. 18323
        PWBM, LLP
        602 East Calton Road, 2nd Floor (78041)
        P. O. Drawer 6668 (78042-6668)
        Laredo, Texas
        voice 956.727.4441
        facsimile 956.727.2696

Of counsel:

PWBM, LLP
602 East Calton Road, 2nd Floor (78041)
P. O. Drawer 6668 (78042-6668)
Laredo, Texas
voice 956.727.4441
facsimile 956.727.2696

Certificate of service

A copy of Celadon and Michael Mitchell's Notice of Removal was served by certified mail, return receipt requested, on all attorneys of record on June 6, 2013. FED. R. CIV. P. 5.

William J. Tinning
Law Office of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
facsimile 361.643.9600

Arturo Martinez
Attorney at Law
414 S. Cage Boulevard
Pharr, Texas 78577
facsimile 956.781.6204


s/_____
Baldemar Garcia, Jr.